**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARIA E. HERNANDEZ,
also known as Nena,

Defendant-Appellant.

No. 07-3070
(D.C. No. 04-CR-20115-JWL)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Defendant Maria Hernandez pled guilty to one count of misprision of a
felony in violation of 18 U.S.C. §§ 2 and 4. Pursuant to the plea agreement,
Ms. Hernandez waived her right to appeal or collaterally attack any matter in
connection with her prosecution, conviction, and sentence. The agreement further
provided that Ms. Hernandez waived her right "to appeal the sentence imposed in

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range." Plea Agreement at 8, ¶12. The maximum sentence was a term of imprisonment of three years. Ms. Hernandez was sentenced to twenty-one months imprisonment. She then filed a pro se notice of appeal. The government has moved to enforce defendant's appeal waiver under the procedure set forth in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

Ms. Hernandez's attorney filed a response to the government's motion stating his belief that there was no legitimate basis for the appeal. This court gave Ms. Hernandez the opportunity to file a pro se opposition to the enforcement motion, but she failed to file any response within the specified time period, including several extensions of time. Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* Having reviewed the materials submitted by the parties, we conclude that the *Hahn* factors favor the government. Accordingly, we GRANT the government's motion to enforce the plea agreement and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM